IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHYLLIS Z. HELMS,

        Plaintiff,                       No. 2:12-cv-1117-MCE-JFM (PS)

    vs.

SAMUEL C. PANNELL CMTY CTR.,
*et al.*,                             ORDER AND

        Defendants.        FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks to proceed in forma pauperis. 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(c)(21).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

In her motion to proceed in forma pauperis, plaintiff claims that she is the legal heiress of Queen Elizabeth II of England, that other people are attempting to claim her inheritance, that she is the granddaughter of Langston Hughes and the Roosevelts, and that she is the sole heiress to several accounts, including inter alia British Motors, Rolls Royce, Hyundai, Prada, Saks Fifth Avenue and Mitsubishi.  In her complaint, plaintiff claims she is being denied access to the Pannell Community Center in Sacramento, California, which plaintiff insists she owns.  She also asserts that her children have been abused and sexually assaulted after responding to false job announcements, that certain named individuals have had plaintiff's children in their possession for fourteen years, and that these individuals' assignment is to punish plaintiff's children.  On review of the motion to proceed in forma pauperis and the complaint, the court concludes without hesitation that plaintiff's complaints are "clearly baseless."  <u>Neitzke</u>, 490 U.S. at 327.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis is denied; and

/////

1    IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed
2 without prejudice.
3    These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
8 within the specified time may waive the right to appeal the District Court's order.  <u>Turner v.</u>
9 <u>Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
10 DATED: September 4, 2012.

_/s/ John F. Moulds_
UNITED STATES MAGISTRATE JUDGE

/014;help1117.14new